UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS, <br><br> Plaintiff, <br><br> v. <br><br> SEATTLE POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | CASE NO.  2:22-cv-00931-LK-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff Daniel Teklemariam Hagos seeks 42 U.S.C § 1983 relief against the Seattle Police Department and six police officers, including Officer Giovani Nolasco. The Court reviewed Plaintiff's first complaint (Dkt. 5) and found it was deficient because it contained only the conclusory allegation that Plaintiff was arrested without "probable cause" but set forth no facts in support. The Court directed Plaintiff to file an amended complaint. Dkt. 8. Plaintiff filed an amended complaint (Dkt. 10), which the Court also finds is deficient. The Court therefore recommends the case be DISMISSED with prejudice.

**DISCUSSION**

A complaint must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

REPORT AND RECOMMENDATION - 1

*Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive dismissal, a complaint must contain sufficient factual matter that states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Additionally, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

The amended complaint is both factually and legally deficient. It alleges:

1. "Fruit of the Poisonous Tree A doctrine that extends the exclusionary rule to make evidence inadmissible in court" *Id.* at 1. The allegation fails as a matter of law because the exclusionary rule does not apply to § 1983 cases. *Lingo v. City of Salem*, 832 F.3d 953, 959 (9th Cir. 2016) ("federal courts have widely held that the exclusionary rule does not apply in § 1983 cases."); *see also Johnigan v. City of Vancouver*, No. 20-5601-RJB, 2021 WL 3288091 at * 8 (W.D. Wash. Aug. 2, 2021).

2. "Right to Counsel at Showup. I did not have a right to counsel at the showup under the Sixth Amendment. *Kirby v. Illinois*, 406 U.S. 682 (1972)." *Id.* at 2. This allegation also fails as a matter of law because it simply repeats the holding in *Kirby* that the Sixth Amendment right to counsel does not attach until formal commencement of a criminal prosecution.

3. "Propriety of Initial Stop. I Hagus Teklemariam Daniel argue that the stop by Seattle Police Officer Giovanni Nolasco was unlawful because it is a defense to criminal trespass if the actor reasonably believed that the owner of the premises . . . would have licensed him to enter of remain. Former RCW 9A.52.090(3). I Hagos contends that Officer Giovani Nolasco did not consider the possible applicability of this defense before stopping me." *Id*. at 3. There are no

REPORT AND RECOMMENDATION - 2

facts pled to support that the affirmative defense to which Plaintiff refers existed. Further, even if there were, affirmative defenses do not "vitiate probable cause" to arrest" in Washington State. *See State v. Fry*, 168 Wash.2d 1, 8 (2010). This claim fails as a matter of law.

4.  "Suggestiveness of show up." *Id.* at 3-4. The complaint contains no facts to establish a suggestive show up occurred. Further any claim the "show up" generated evidence that was used to convict Plaintiff of criminal charges would implicate the validity of Plaintiff's conviction and is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ( If a judgment in favor of a plaintiff in a civil rights action necessarily implies the invalidity of plaintiff's conviction or sentence, the complaint must be dismissed unless plaintiff can show the conviction or sentence has already been invalidated).

5.  "I don't believe Seattle Police Officer Giovani Nolasco read me my Miranda rights." *Id.* at 4. In *Vega v. Tekoh*, 142 S. Ct. 2095 (2022), the Supreme Court held a *Miranda* violation is not a basis to sue for damages under § 1983. This claim fails as a matter of law.

In sum, the amended complaint is fatally deficient because it lacks any facts that establish a colorable claim as required by *Iqbal* and presents claims that are not legally cognizable in a § 1983 action. The Court therefore recommends the case be **DISMISSED with prejudice**.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **August 10, 2022.**  The Clerk shall note the matter for **August 12, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

1  DATED this 28th day of July, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4