1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS, | CASE NO. C22-00931-LK |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| SEATTLE POLICE DEPARTMENT et al., | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida. Dkt. No. 12. Judge Tsuchida recommended that the Court dismiss Mr. Hagos's amended complaint, Dkt. No. 10. *See* Dkt. No. 12 at 1.

Mr. Hagos, who is proceeding pro se, filed this action under 42 U.S.C. § 1983 against the Seattle Police Department and several of its officers. Dkt. No. 5. His allegations arise out of his arrest in January 2021. *Id.* at 3. Judge Tsuchida found Mr. Hagos's complaint to be deficient because it made only conclusory allegations against one officer without supporting facts, did not establish who the other Defendants were, and set forth no facts to show that they harmed him. Dkt.

No. 8 at 2. Judge Tsuchida ordered Mr. Hagos to file an amended complaint, *id.*, and Mr. Hagos did so. Dkt. No. 10.

Judge Tsuchida recommended that the Court dismiss the amended complaint with prejudice and without further leave to amend because it is "both factually and legally deficient." Dkt. No. 12 at 2. Judge Tsuchida addressed each of Mr. Hagos's allegations in the amended complaint and first explained that while Mr. Hagos cites the fruit of the poisonous tree doctrine, it is inapplicable in section 1983 cases. *Id.* (citing *Lingo v. City of Salem*, 832 F.3d 953, 959 (9th Cir. 2016)). Judge Tsuchida next noted that Mr. Hagos's correct statement of the law—"I did not have a right to counsel at the showup under the Sixth Amendment"—does not state a claim. *Id.* Judge Tsuchida also addressed Mr. Hagos's claim that Defendant Seattle Police Officer Giovanni Nolasco unlawfully stopped him for criminal trespass without first considering "the possible applicability" of a defense Mr. Hagos may have had. *Id.* at 2. Judge Tsuchida explained that Mr. Hagos pled no facts to support the defense, and even if he had, "affirmative defenses do not 'vitiate probable cause' to arrest[] in Washington State." *Id.* at 2–3 (quoting *State v. Fry*, 228 P.3d 1, 10 (Wash. 2010)). Judge Tsuchida noted that while the amended complaint includes a section entitled "suggestiveness of show up," Dkt. No. 10 at 3, it includes "no facts to establish a suggestive show up occurred[,]" and even if it did, "any claim the 'show up' generated evidence that was used to convict Plaintiff of criminal charges would implicate the validity of Plaintiff's conviction and is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)." Dkt. No. 12 at 3. Finally, Judge Tsuchida recommended dismissal of Mr. Hagos's claim that Office Nolasco did not read him his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), because the Supreme Court recently held that "a *Miranda* violation is not a basis to sue for damages under § 1983." *Id.* (citing *Vega v. Tekoh*, 142 S. Ct. 2095 (2022)). After addressing each of Mr. Hagos's claims, Judge Tsuchida concluded that "the amended complaint is fatally deficient because it lacks any facts that establish a colorable

claim as required by [*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009),] and presents claims that are not legally cognizable in a § 1983 action." *Id.* at 3. He therefore recommended dismissal with prejudice. *Id.*

This Court liberally construes pleadings filed by pro se litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But a court "should 'not supply essential elements of the claim that were not initially pled.'" *Henderson v. Anderson*, No. C19-00789-RAJ, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). Even construing Mr. Hagos's amended complaint liberally, the Court agrees that it fails to provide any facts showing that Defendants violated his rights, presents assertions that are not legally cognizable, and fails to state a claim. *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

The Court also declines to grant Mr. Hagos further leave to amend. He was given an opportunity to fix the defects with his complaint but his amended complaint is similarly deficient. He has not requested to file a second amended complaint or explained what such a pleading would allege. Instead, while this matter has been pending, Mr. Hagos filed another complaint against the Seattle Police Department and four of the officers named in this case alleging a section 1983 claim arising out of the same January 2021 arrest that spawned his claims in this case. *Hagos v. Seattle Police Dep't*, No. C22-00932-TL (W.D. Wash. July 19, 2022), Dkt. No. 8. That complaint has been dismissed with prejudice and without leave to amend for failure to state a claim and as duplicative of this action. *Hagos*, No. C22-00932-TL, slip. op. at 3–5 (W.D. Wash. Aug. 17, 2022), Dkt. No. 10. In light of Mr. Hagos's repeated failures to state a claim, dismissal with prejudice is

1    warranted because it appears that the deficiencies in the amended complaint are not capable of

2    being cured through further amendment and any further amendment would likely be futile. *See,*

3    *e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011);

4    *McDonough v. Smith*, No. C19-1248-RAJ, 2019 WL 5790494, at *4 (W.D. Wash. Oct. 25, 2019)

5    ("As it appears the deficiencies in the complaint and amended complaint are not capable of being

6    cured through further amendment, the Court recommends that these claims be dismissed with

7    prejudice for failure to state a claim."), *report and recommendation adopted*, 2019 WL 5784661

8    (W.D. Wash. Nov. 5, 2019); *McClellon v. Capital One Bank, N.A.*, No. C18-0909-JCC, 2018 WL

9    5240528, at *4 (W.D. Wash. Oct. 22, 2018) (dismissing claim where further amendment would be

10   futile); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied for

11   "repeated failure to cure deficiencies by amendments previously allowed").

12        Judge Tsuchida issued the Report and Recommendation on July 28, 2022, informing the

13   parties that any objections to the Report and Recommendation had to be filed "no later than August

14   10, 2022" and that "failure to timely object may affect the right to appeal." Dkt. No. 12 at 3

15   (emphasis omitted). No party filed objections. The Court reviews findings and recommendations

16   *"if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

17   Cir. 2003) (en banc) (emphasis in original). No objections having been filed, the Court hereby

18   ORDERS as follows:

19        (1) Judge Tsuchida's Report and Recommendation is ADOPTED. Dkt. No. 12.

20        (2) Mr. Hagos's amended complaint, Dkt. No. 10, is DISMISSED with prejudice.

21        The Clerk is directed to send uncertified copies of this Order to Mr. Hagos at his last known

22   address.

23

24

1

Dated this 13th day of October, 2022.

2

3

Lauren King
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 5